542 A.2d 378

W. Edward CLARK

v.

Anne H. STRASBURG, Pers. Rep. of the Estate of Margaret H.S. Clark.

No. 134, Sept. Term, 1987.

Court of Appeals of Maryland.

June 10, 1988.

Steven R. Selzer and Carlton T. Obecny (Caplan, Wechsler, Selzer & Buckner, Chtd., on brief), Bethesda, for appellant.

Richard E. Jordan (Sherman, Meehan & Curtin, P.C., on brief), Rockville, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

BLACKWELL, Judge.

Under Maryland Code (1974, 1987 Cum.Supp.), Estates and Trusts Article, § 2–102(c), an "interested person may petition the [orphans'] court to resolve any question concerning an estate or its administration." An "interested person" is:

"(1) A person named as executor in a will;

(2) A person serving as personal representative after judicial or administrative probate;

(3) A legatee in being, not fully paid, whether his interest is vested or contingent;

(4) An heir even if the decedent dies testate, except that an heir of a testate decedent ceases to be an 'interested person' when the register has given notice pursuant to §§ 2–210 or 5–403(a)."

*Id.* at § 1–101(g). We granted certiorari to determine whether a pretermitted spouse who elects to take a statutory share is an interested person within the meaning of Code, Estates and Trusts, § 1–101(g).[1]

## I

Margaret H.S. Clark, a domiciliary of Montgomery County, Maryland, died testate on May 19, 1986. On June 24, 1986, the will of Margaret Clark was admitted to probate and her daughter, Anne H. Strasburg, was appointed personal representative of the estate. On August 27, 1986, W. Edward Clark, the surviving spouse of Margaret Clark, who was not a beneficiary under the terms of the will, renounced the will and elected to take his statutory share under § 3–203.[2] On the same day, Mr. Clark moved to have his name added to the List of Interested Persons. On September 19, 1986, the Orphans' Court for Montgomery County (Sanders, J.) ordered that the List of Interested Persons be amended to include Mr. Clark.

On June 10, 1987, Mr. Clark contested the accuracy of the appraisal and inventory of the estate pursuant to § 7–204.[3]

---

1. Hereinafter, all references to the Code are to the Estates and Trusts Article.

2. Section 3–203 provides in part:
   "(a) *General.*—Instead of property left to him by will, the surviving spouse may elect to take a one-third share of the net estate if there is also a surviving issue, or a one-half share of the net estate if there is no surviving issue.
   (b) *Limitation.*—The surviving spouse who makes this election may not take more than a one-half share of the net estate."

3. Section 7–204 provides:

On June 15, 1987, the Orphans' Court (Miller, J.) denied Mr. Clark's petition concluding that Mr. Clark was not an interested person under § 1–101(g) and therefore had no standing to challenge the inventory and appraisal. Mr. Clark appealed the order to the Court of Special Appeals. We issued a writ of certiorari to that court on our own motion and we now reverse.[4]

## II

Under § 1–101(g), an 'interested person' includes:
"An heir even if the decedent dies testate, except that an heir of a testate decedent ceases to be an 'interested person' when the register has given notice pursuant to §§ 2–210 or 5–403(a)."
*Id.* at § 1–101(g)(4).

The personal representative insists that Mr. Clark is the heir of a testate decedent and therefore ceases to be an interested person after notice is given pursuant to §§ 2–210 or 5–403. Mr. Clark counters that "[t]he legislature could not possibly have meant to create the right to elect a statutory share and then deny the means to protect [that] right." (Appellant's brief at 12). He argues, among other things, that an electing spouse, as one who takes an intestate share of the estate, should be treated as an heir of an intestate decedent.

■ We begin by noting that an heir is defined as "a person entitled to property of an intestate decedent pursuant to §§ 3–101 through 3–110," § 1–101(f), and that a

---

"At any time before the estate is closed, the state or an interested party may petition the court for revision of a value assigned to an item of inventory and the court may require revision as it considers appropriate. Unless the personal representative has filed the petition, the court shall hold a hearing upon it."

**4.** On September 15, 1986, the personal representative filed an opposition to Mr. Clark's spousal election and as grounds for the opposition alleged that Mr. Clark signed a waiver of his right to a spousal election in consideration of a simultaneous waiver by the decedent. A hearing on the opposition is set for June 21, 1988.

surviving spouse is an heir as a person entitled to property of a intestate decedent pursuant to § 3–102.

■ The transfer of property from a decedent's estate generally takes one of two forms: intestate succession (by operation of law) or testate succession (by will). It is our view that the legislature regards an electing spouse as taking his or her share by intestate succession. The predecessor of § 3–203, enacted as part of the 1974 recodification of Maryland's probate law, states in pertinent part and with emphasis added:

> "Instead of property left to him by will, the surviving spouse may elect to take the share which he might take *in intestacy under § 3–102.*"

While we are aware that the present § 3–203 (set forth in footnote 2, *supra*) does not contain the underscored language, some of the companion provisions on spousal election, unchanged from 1974, refer to the elective share as an "intestate share." *See* § 3–207(a) ("An election to take an intestate share of an estate shall be in writing …"); § 3–208(a) ("Upon the election of the surviving spouse to take his intestate share of the property of the decedent, [the surviving spouse takes no benefits under the will.]; § 3–208(b) ("If there is an election to take an intestate share, contribution to the payment of it shall be prorated …"). *Accord Gordon v. James*, 86 Miss. 719, 742, 39 So. 18, 21 (1905) (When a widow elects a statutory share, "in the eyes of the law, the decedent, so far as her rights are concerned, becomes an intestate.").[5]

Mr. Clark, as an electing spouse who takes an intestate share, should be treated as the heir of an intestate dece-

---

5. *Cf.* Uniform Probate Code § 1–201(20) (1983, 1988 Cum.Supp.):
   " 'Interested person' includes heirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against … the estate of a decedent."
   *See also Tulsa v. Pope,* —— U.S. ——, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).

dent. Accordingly, he is an interested person withing the meaning of § 1–101(g)(4).

ORDER OF THE ORPHANS' COURT FOR MONTGOMERY COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. RESPONDENT TO PAY COSTS.